# Exhibit H

**de LUCA LEVINE LLC**
**BY:  JAMES P. CARFAGNO**
**PA ATTY I.D. NO.: 82960**
**301 E. GERMANTOWN PIKE, 3rd FLOOR**
**EAST NORRITON, PA 19401**
**(215) 383-0081**

ATTORNEYS FOR PLAINTIFF(S),
ELMER JENNINGS AND ANTHONY
HARRIS

*Filed and Attested by the Office of Judicial Records 22 FEB 2024 03:29 pm S. GILLIAM*

ELMER JENNINGS
711 S. County Road W., Apt 1802
Odessa, TX 79763

AND

**ANTHONY HARRIS**
2841 North 28th Street
Philadelphia, PA 19132

      **Plaintiff(s),**
  **v.**

**HOMEWERKS WORLDWIDE, LLC**
55 Albrecht Drive
Lake Bluff, IL 60044

AND

**HOME DEPOT U.S.A., INC.**
2455 Paces Ferry Road
Atlanta, GA 30339

AND

**THE HOME DEPOT, INC.**
2455 Paces Ferry Road
Atlanta, GA 30339

      **Defendant(s).**

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

CIVIL ACTION NO:  231102763

**JURY TRIAL DEMANDED**

## NOTICE TO DEFEND

     You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you

Case ID: 231102763

by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

## <u>AVISO</u>

Le han demandado a usted en la corte. Si used quiere defenderse de estas demandas expuestas en las paginas siquientes, used tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objectiones a las demandas en contra de su persona. Sea avisado qui si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTS. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAMEPOR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PURDE CONSEQUIR.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

Case ID: 231102763

de LUCA LEVINE LLC
BY:  JAMES P. CARFAGNO
PA ATTY I.D. NO.: 82960
301 E. GERMANTOWN PIKE, 3rd FLOOR
EAST NORRITON, PA 19401
(215) 383-0081

ATTORNEYS FOR PLAINTIFF(S),
ELMER JENNINGS AND ANTHONY
HARRIS

ELMER JENNINGS
711 S. County Road W., Apt 1802
Odessa, TX 79763

AND

ANTHONY HARRIS
2841 North 28th Street
Philadelphia, PA 19132

          **Plaintiff(s),**
     **v.**

HOMEWERKS WORLDWIDE, LLC
55 Albrecht Drive
Lake Bluff, IL 60044

AND

HOME DEPOT U.S.A., INC.
2455 Paces Ferry Road
Atlanta, GA 30339

AND

THE HOME DEPOT, INC.
2455 Paces Ferry Road
Atlanta, GA 30339

          **Defendant(s).**

IN THE COURT OF COMMON PLEAS
OF PHILADELPHIA COUNTY,
PENNSYLVANIA

CIVIL ACTION NO:  231102763

JURY TRIAL DEMANDED

## PLAINTIFFS' COMPLAINT

Plaintiffs, Elmer Jennings and Anthony Harris, by and through their counsel, hereby

demands judgment against the above-named Defendants, and states by way of Complaint against

them, as follows:

Case ID: 231102763

**PARTIES**

1.      Plaintiffs, Elmer Jennings and Anthony Harris, are adult individuals, and at all times relevant hereto, owned the property located at 925 Lindley Avenue, Philadelphia, PA 19141 ("subject property").

2.      Defendant, Homewerks Worldwide, LLC (hereinafter "Homewerks") is a business entity organized under the laws of the State of Illinois, with its principal place of business located at 55 Albrecht Drive, Lake Bluff, IL 60044, and was authorized to do business within the Commonwealth of Pennsylvania.  Homewerks regularly conducts business in Philadelphia County, Pennsylvania.

3.      At all times relevant hereto, Homewerks was in the business of business of designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling, and otherwise placing into the stream of commerce consumer products, including ceiling exhaust fans/lights such as the one at issue at the subject property.

4.      Defendant, Home Depot U.S.A., Inc. is a business entity organized under the laws of the State of Georgia, with its principal place of business located at 2455 Paces Ferry Road, Atlanta, GA 30339, and was authorized to do business within the Commonwealth of Pennsylvania.  Home Depot U.S.A., Inc. regularly conducts business in Philadelphia County, Pennsylvania.

5.      At all times relevant hereto, Home Depot U.S.A., Inc. was in the business of business of designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling, and otherwise placing into the stream of commerce consumer products, including ceiling exhaust fans/lights such as the one at issue at the subject property.

6.      Defendant, The Home Depot, Inc. is a business entity organized under the laws

of the State of Georgia, with its principal place of business located at 2455 Paces Ferry Road, Atlanta, GA 30339, and was authorized to do business within the Commonwealth of Pennsylvania. The Home Depot, Inc. regularly conducts business in Philadelphia County, Pennsylvania.

7.    At all times relevant hereto, The Home Depot, Inc. was in the business of business of designing, manufacturing, assembling, testing, inspecting, marketing, distributing, selling, and otherwise placing into the stream of commerce consumer products, including ceiling exhaust fans/lights such as the one at issue at the subject property.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over the Defendants because the Defendants either have their principal place of business in Pennsylvania, are incorporated in Pennsylvania, or are registered to do business in Pennsylvania, have consented to jurisdiction in Pennsylvania and/or does sufficient business in, or has sufficient minimum contacts with, or otherwise intentionally avails itself of the markets of the Commonwealth of Pennsylvania through its business operations in Pennsylvania.

9.    Venue is properly laid in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure 1006, including because Defendants can be served here and/or the cause of action arose here and/or the transaction or occurrence took place here and/or the property which is the subject matter of the action is located here and/or Defendants regularly conduct business in Philadelphia County, Commonwealth of Pennsylvania.

10.    Plaintiffs are prosecuting this subrogation action pursuant to the provisions of Pa.R.C.P. 2002(d).

Case ID: 231102763

**STATEMENT OF FACTS**

11.     Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

12.     Prior to December 8, 2021, Defendants designed, manufactured, assembled, tested, inspected, marketed, distributed, sold, and otherwise placed into the stream of commerce exhaust fan/light with accompanying component parts, said product being intended for use by consumers for the ordinary purpose associated with exhaust fans/lights.

13.     Prior to December 8, 2021, an exhaust fan/light with component Bluetooth Speaker ("subject exhaust fan/light") designed, manufactured, assembled, tested, inspected, marketed, distributed and placed into the stream of commerce by Defendants was installed at the property owned by Plaintiffs', Elmer Jennings and Anthony Harris, with said property being located at 925 Lindley Avenue, Philadelphia, PA 19141.

14.     Prior to December 8, 2021, Plaintiffs operated the subject exhaust fan/light without incident in the normal, ordinary and intended matter and purpose.

15.     Prior to December 8, 2021, Plaintiffs never experienced any problems with the functionality of the subject exhaust fan/light prior to the fire.

16.     On or about December 8, 2021, a fire erupted at the subject property as a direct result of a malfunction of the subject exhaust fan/light while the product was being used in a normal and foreseeable manner.

17.     The fire caused extensive damage to the real and personal property of Plaintiffs, as well as the imposition of additional expenses and hardship besides.

18. At all times relevant hereto, the subject exhaust fan/light was not modified, changed, altered, misused or abused by Plaintiffs, or any other users, after it was placed into the stream of commerce by the Defendants.

19. At all times material hereto, the Defendants knew, and intended, that members of the public would use their products, and they furthermore knew of the specific uses, purposes and requirements for which the subject exhaust fan/light would be utilized.

20. The Defendants designed, manufactured, assembled, tested, inspected, marketed, distributed and placed into the stream of commerce the subject exhaust fan/light in a dangerous and defective condition.

21. As a result of the aforementioned fire, Plaintiffs sustained damages in an amount in excess of $165,000.00.

22. At all times relevant, Allstate Vehicle and Property Insurance Company ("Allstate") had an insurance policy with the Plaintiffs. Allstate made certain payments under the terms of the policy, which was in full force and effect at the time of the fire. Because of said payments, Allstate became subrogated to the rights of its insureds.

## COUNT I – NEGLIGENCE
## PLAINTIFFS v. HOMEWERKS WORLDWIDE, LLC

23. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

24. Homewerks owed a duty of reasonable care to Plaintiffs' in regard to the design, manufacture, assembly, testing, inspection, marketing and distribution, inter alia, of the subject exhaust fan/light, and breached said duty.

25. The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of Homewerks –

itself, as well as by and through its employees, agents, technicians, suppliers and/or servants –

more specifically described as follows:

a.    failing to design, manufacture, inspect, assemble, distribute and/or market a properly functioning and defect-free fan/light and/or its component Bluetooth speaker, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

b.    failing to properly design, manufacture, inspect, assemble, distribute and/or market the fan/light including but not limited to the component Bluetooth speaker and other components free from defect;

c.    failing to properly determine that the fan/light including but not limited to the component Bluetooth speaker and other component parts were not in a safe condition and free of all material defects, which after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

d.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light was unsafe and unfit for its intended use;

e.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light and/or its component Bluetooth speaker would be inadequate for the reasons for which it was purchased;

f.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light which had unreasonably dangerous components including but not limited to its component Bluetooth speaker and other component parts that caused the fan/light to catastrophically fail and/or malfunction;

g.    designing, manufacturing, inspecting, assembling, distributing and/or marketing a dangerously defective fan/light and/or its component Bluetooth speaker that Homewerks knew or reasonably should have known exposed users, such as Plaintiffs' to an unreasonable risk of harm;

h.    failing to properly and adequately design, manufacture, inspect, assemble, market, sell, distribute and/or test the fan/light and/or its component Bluetooth speaker, and other component parts, prior to introducing it into the stream of commerce;

i.    failing to provide adequate and sufficient warnings and instructions with

respect to the fan/light and/or its component Bluetooth speaker, which rendered it defective and unreasonably dangerous;

j.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light did not contain proper safety features and/or devices to prevent the fan/light from catching fire, rendering it hazardous and dangerous for its contemplated and intended use;

k.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light did not contain the proper components, rendering it hazardous and dangerous for its contemplated and intended use;

l.    designing, manufacturing and distributing a dangerously defective fan/light and/or its component Bluetooth speaker, including its component parts, that Homewerks knew or reasonably should have known exposed users, such as Plaintiffs' to an unreasonable risk of harm because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

m.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light in a defective condition because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

n.    designing and/or manufacturing the fan/light and/or its component Bluetooth speaker and other component parts in an unreasonably dangerous condition because the fan/light's safety features and/or devices failed to properly function and/or operate during reasonable and intended usage;

o.    improperly designing, manufacturing, assembling or installing component parts and safety devices in the fan/light or component Bluetooth speaker; and

p.    designing and/or manufacturing the fan/light without the proper fire inhibitors for critical items within the fan/light to reduce secondary fuel loads in the fan/light.

26.    As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, Homewerks became liable to Plaintiffs.

Case ID: 231102763

27. As a direct and proximate result of Homewerks' aforementioned actions, and/or omissions, Homewerks acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendant, Homewerks Worldwide, LLC jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $165,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

<u>**COUNT II – STRICT LIABILITY**</u>
<u>**PLAINTIFFS v. HOMEWERKS WORLDWIDE, LLC**</u>

28. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

29. Homewerks was engaged in the business of designing, testing, inspecting, assembling, manufacturing and distributing exhaust fans/lights and their component parts and specifically designed, tested, inspected, assembled, manufactured, distributed and placed into the stream of commerce the subject exhaust fan/light at issue in this case.

23. The subject exhaust fan/light, which was designed, manufactured, sold and/or distributed into the stream of commerce by Homewerks, was not modified, changed, altered or abused by Plaintiffs or other users at said property prior to or during its use.

24. Homewerks knew and intended that its exhaust fans/lights would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said exhaust fans/lights would be utilized.

25. Homewerks designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the aforesaid subject exhaust fan/light, including its component

Case ID: 231102763

parts, in a dangerous and defective condition, which catastrophically failed due to a defect and/or malfunction.

26.    Homewerks designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the aforesaid subject exhaust fan/light in a defective condition, unreasonably dangerous to Plaintiffs' and their property.

27.    Homewerks knew, or should have known, that the subject exhaust fan/light would, and did, reach Plaintiffs without substantial change in the condition in which originally selected and sold.

28.    The subject exhaust fan/light was not materially altered in any way, which would affect the dangerous conditions caused and created by Homewerks.

29.    Plaintiffs operated the subject exhaust fan/light without incident in the normal, ordinary and intended matter and purpose at all times prior to December 8, 2021.

30.    The fire and damage to Plaintiffs' property was caused by and/or resulted from the acts and/or omissions of Homewerks, by and through its agents, servants, employees and/or representatives, acting within the course and scope of their employment and/or authority for which Homewerks is liable to Plaintiff based upon the theory of strict liability for the following reasons:

a.    failing to design, manufacture, inspect, assemble, distribute and/or market a properly functioning and defect-free exhaust fan/light and/or its component Bluetooth speaker, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

b.    failing to properly design, manufacture, inspect, assemble, distribute and/or market the fan/light, including but not limited to, its Bluetooth speaker, motor, motor windings, motor winding insulation, thermal limit switch and other component parts free from defect;

c.    failing to properly determine that the fan/light including but not limited to its Bluetooth speaker, motor, motor windings, motor winding insulation

Case ID: 231102763

and the thermal limit switch and other component parts were not in a safe condition and free of all material defects, which after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

d.   designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light, and its component parts were unsafe and unfit for its intended use;

e.   designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light would be inadequate for the reasons for which it was purchased;

f.   designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker and other component parts, which was unreasonably dangerous and caused the fan/light to catastrophically fail and/or malfunction;

g.   designing, manufacturing, inspecting, assembling, distributing and/or marketing a dangerously defective fan/light and/or its component Bluetooth speaker that Homewerks knew or reasonably should have known exposed users, such as Plaintiffs, to an unreasonable risk of harm;

h.   failing to properly and adequately design, manufacture, inspect, assemble, market, sell, distribute and/or test the fan/light and/or its component Bluetooth speaker and other component parts, prior to introducing it into the stream of commerce;

i.   failing to provide adequate and sufficient warnings and instructions with respect to the fan/light and/or its component Bluetooth speaker, which rendered it defective and unreasonably dangerous;

j.   designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light and/or its component Bluetooth speaker did not contain proper safety features and/or devices to prevent a fire from occurring rendering it hazardous and dangerous for its contemplated and intended use;

k.   designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition rendering it hazardous and dangerous for its contemplated and intended use;

l.   designing, manufacturing and distributing a dangerously defective

Case ID: 231102763

fan/light, including its component parts, that Homewerks knew or reasonably should have known exposed users, such as Plaintiffs to an unreasonable risk of harm because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

m. designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

n. the subject exhaust fan/light and/or its component Bluetooth speaker is an unreasonably dangerous product, one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

o. the subject exhaust fan/light and/or its component Bluetooth speaker is unreasonably dangerous because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

p. designing and/or manufacturing the fan/light and/or its component Bluetooth speaker in an unreasonably dangerous manner that negatively affected the fan/light's safety features and/or devices;

q. designing and/or manufacturing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light's safety features and/or devices failed to properly function and/or operate during reasonable and intended usage;

r. improperly designing, manufacturing, assembling or installing component parts and safety devices in the fan/light and/or its component Bluetooth speaker; and

s. designing and/or manufacturing the fan/light and/or its component Bluetooth speaker without the proper fire inhibitors for critical items within the fan/light to reduce secondary fuel loads in the fan/light.

30. The aforementioned defects or defective conditions existed at the time the subject exhaust fan/light left the possession and/or control of Homewerks.

31. The defective, unreasonably dangerous and unsafe condition of the subject exhaust fan/light as aforesaid was a direct and proximate cause of the damages sustained by

Case ID: 231102763

Plaintiffs.

32.    For these reasons, Homewerks is strictly liable to the Plaintiffs under Section 402A of the Restatement (Second) of Torts, as well as the applicable case law of the Commonwealth of Pennsylvania.

33.    As a direct and proximate result of the aforementioned defects, Plaintiffs sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendant, Homewerks Worldwide, LLC jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $165,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT III – BREACH OF WARRANTIES**
**PLAINTIFFS v. HOMEWERKS WORLDWIDE, LLC**

34.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

35.    At the time of selling product, Homewerks knew or had reason to know of the particular purpose for which it would be used, and knew that its skill and judgment were being relied upon to furnish suitable products.

36.    Thus, given the foregoing, Homewerks breached implied warranties of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") and in 13 Pa. C.S.A. § 2-315 in that the products were not fit for the particular use for which intended, and led to a fire at the subject property.

Case ID: 231102763

37.    In addition, Homewerks breached implied warranties of merchantability as set out in the UCC and 13 Pa. C.S.A. § 2-314 (c) in that the products were not fit for the uses for which intended and led to a fire at the subject property.

38.    Homewerks also breached any and all express warranties made or relating to the products that became part of the basis of the bargain for sale of the products in violation of the UCC and 13 Pa. C.S.A. § 2-313.

39.    Furthermore, Homewerks breached the express and implied terms set out in the warranties enjoyed by the Plaintiffs at the time of coming to use the products, and/or any time subsequent thereto.

40.    Plaintiffs' above-described damages occurred as a direct and proximate result of Homewerks' breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c), and as a result of its breach of expressed warrantees in violation of 13 Pa. C.S.A. § 2-313, as well as the express and implied warranties set out in the warranties the Plaintiffs enjoyed upon coming to use the products, and/or any time subsequent thereto.

41.    As a result of the conduct described above, Plaintiffs sustained and incurred damage to their real and personal property, and the imposition of additional expenses and hardship.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Homewerks Worldwide, LLC jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $165,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Case ID: 231102763

**COUNT IV – NEGLIGENCE**
**PLAINTIFFS v. HOME DEPOT U.S.A., INC.**

42.     Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

43.     Home Depot U.S.A., Inc. owed a duty of reasonable care to Plaintiffs' in regard to the design, manufacture, assembly, testing, inspection, marketing and distribution, inter alia, of the subject exhaust fan/light, and breached said duty.

44.     The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of Home Depot U.S.A., Inc. – itself, as well as by and through its employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

     a.    failing to design, manufacture, inspect, assemble, distribute and/or market a properly functioning and defect-free fan/light and/or its component Bluetooth speaker, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

     b.    failing to properly design, manufacture, inspect, assemble, distribute and/or market the fan/light including but not limited to the component Bluetooth speaker and other components free from defect;

     c.    failing to properly determine that the fan/light including but not limited to the component Bluetooth speaker and other component parts were not in a safe condition and free of all material defects, which after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

     d.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light was unsafe and unfit for its intended use;

     e.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light and/or its component Bluetooth speaker would be inadequate for the reasons for which it was purchased;

Case ID: 231102763

f.  designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light which had unreasonably dangerous components including but not limited to its component Bluetooth speaker and other component parts that caused the fan/light to catastrophically fail and/or malfunction;

g.  designing, manufacturing, inspecting, assembling, distributing and/or marketing a dangerously defective fan/light and/or its component Bluetooth speaker that Home Depot U.S.A., Inc.  knew or reasonably should have known exposed users, such as Plaintiffs' to an unreasonable risk of harm;

h.  failing to properly and adequately design, manufacture, inspect, assemble, market, sell, distribute and/or test the fan/light and/or its component Bluetooth speaker, and other component parts, prior to introducing it into the stream of commerce;

i.  failing to provide adequate and sufficient warnings and instructions with respect to the fan/light and/or its component Bluetooth speaker, which rendered it defective and unreasonably dangerous;

j.  designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light did not contain proper safety features and/or devices to prevent the fan/light from catching fire, rendering it hazardous and dangerous for its contemplated and intended use;

k.  designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light did not contain the proper components, rendering it hazardous and dangerous for its contemplated and intended use;

l.  designing, manufacturing and distributing a dangerously defective fan/light and/or its component Bluetooth speaker, including its component parts, that Home Depot U.S.A., Inc. knew or reasonably should have known exposed users, such as Plaintiffs' to an unreasonable risk of harm because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

m.  designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light in a defective condition because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

n.  designing and/or manufacturing the fan/light and/or its component

Bluetooth speaker and other component parts in an unreasonably dangerous condition because the fan/light's safety features and/or devices failed to properly function and/or operate during reasonable and intended usage;

o. improperly designing, manufacturing, assembling or installing component parts and safety devices in the fan/light or component Bluetooth speaker; and

p. designing and/or manufacturing the fan/light without the proper fire inhibitors for critical items within the fan/light to reduce secondary fuel loads in the fan/light.

45. As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, Home Depot U.S.A., Inc. became liable to Plaintiffs.

46. As a direct and proximate result of Home Depot U.S.A., Inc.'s aforementioned actions, and/or omissions, Home Depot U.S.A., Inc. acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendant, Home Depot U.S.A., Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $165,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

<u>**COUNT V – STRICT LIABILITY**</u>
<u>**PLAINTIFFS v. HOME DEPOT U.S.A., INC.**</u>

47. Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

48. Home Depot U.S.A., Inc. was engaged in the business of designing, testing, inspecting, assembling, manufacturing and distributing exhaust fans/lights and their component

Case ID: 231102763

parts and specifically designed, tested, inspected, assembled, manufactured, distributed and placed into the stream of commerce the subject exhaust fan/light at issue in this case.

49.    The subject exhaust fan/light, which was designed, manufactured, sold and/or distributed into the stream of commerce by Home Depot U.S.A., Inc., was not modified, changed, altered or abused by Plaintiffs or other users at said property prior to or during its use.

50.    Home Depot U.S.A., Inc. knew and intended that its exhaust fans/lights would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said exhaust fans/lights would be utilized.

51.    Home Depot U.S.A., Inc. designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the aforesaid subject exhaust fan/light, including its component parts, in a dangerous and defective condition, which catastrophically failed due to a defect and/or malfunction.

52.    Home Depot U.S.A., Inc. designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the aforesaid subject exhaust fan/light in a defective condition, unreasonably dangerous to Plaintiffs' and their property.

53.    Home Depot U.S.A., Inc. knew, or should have known, that the subject exhaust fan/light would, and did, reach Plaintiffs without substantial change in the condition in which originally selected and sold.

54.    The subject exhaust fan/light was not materially altered in any way, which would affect the dangerous conditions caused and created by Home Depot U.S.A., Inc..

55.    Plaintiffs operated the subject exhaust fan/light without incident in the normal, ordinary and intended matter and purpose at all times prior to December 8, 2021.

56.    The fire and damage to Plaintiffs' property was caused by and/or resulted from

Case ID: 231102763

the acts and/or omissions of Home Depot U.S.A., Inc., by and through its agents, servants, employees and/or representatives, acting within the course and scope of their employment and/or authority for which Home Depot U.S.A., Inc. is liable to Plaintiff based upon the theory of strict liability for the following reasons:

       a.      failing to design, manufacture, inspect, assemble, distribute and/or market a properly functioning and defect-free exhaust fan/light and/or its component Bluetooth speaker, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

       b.      failing to properly design, manufacture, inspect, assemble, distribute and/or market the fan/light, including but not limited to, its Bluetooth speaker, motor, motor windings, motor winding insulation, thermal limit switch and other component parts free from defect;

       c.      failing to properly determine that the fan/light including but not limited to its Bluetooth speaker, motor, motor windings, motor winding insulation and the thermal limit switch and other component parts were not in a safe condition and free of all material defects, which after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

       d.      designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light, and its component parts were unsafe and unfit for its intended use;

       e.      designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light would be inadequate for the reasons for which it was purchased;

       f.      designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker and other component parts, which was unreasonably dangerous and caused the fan/light to catastrophically fail and/or malfunction;

       g.      designing, manufacturing, inspecting, assembling, distributing and/or marketing a dangerously defective fan/light and/or its component Bluetooth speaker that Home Depot U.S.A., Inc. knew or reasonably should have known exposed users, such as Plaintiffs, to an unreasonable risk of harm;

       h.      failing to properly and adequately design, manufacture, inspect,

Case ID: 231102763

assemble, market, sell, distribute and/or test the fan/light and/or its component Bluetooth speaker and other component parts, prior to introducing it into the stream of commerce;

i.    failing to provide adequate and sufficient warnings and instructions with respect to the fan/light and/or its component Bluetooth speaker, which rendered it defective and unreasonably dangerous;

j.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light and/or its component Bluetooth speaker did not contain proper safety features and/or devices to prevent a fire from occurring rendering it hazardous and dangerous for its contemplated and intended use;

k.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition rendering it hazardous and dangerous for its contemplated and intended use;

l.    designing, manufacturing and distributing a dangerously defective fan/light, including its component parts, that Home Depot U.S.A., Inc. knew or reasonably should have known exposed users, such as Plaintiffs to an unreasonable risk of harm because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

m.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

n.    the subject exhaust fan/light and/or its component Bluetooth speaker is an unreasonably dangerous product, one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

o.    the subject exhaust fan/light and/or its component Bluetooth speaker is unreasonably dangerous because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

p.    designing and/or manufacturing the fan/light and/or its component Bluetooth speaker in an unreasonably dangerous manner that negatively affected the fan/light's safety features and/or devices;

q.    designing and/or manufacturing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light's safety features and/or devices failed to properly function and/or operate during reasonable and intended usage;

r.    improperly designing, manufacturing, assembling or installing component parts and safety devices in the fan/light and/or its component Bluetooth speaker; and

s.    designing and/or manufacturing the fan/light and/or its component Bluetooth speaker without the proper fire inhibitors for critical items within the fan/light to reduce secondary fuel loads in the fan/light.

57.    The aforementioned defects or defective conditions existed at the time the subject exhaust fan/light left the possession and/or control of Home Depot U.S.A., Inc..

58.    The defective, unreasonably dangerous and unsafe condition of the subject exhaust fan/light as aforesaid was a direct and proximate cause of the damages sustained by Plaintiffs.

59.    For these reasons, Home Depot U.S.A., Inc. is strictly liable to the Plaintiffs under Section 402A of the Restatement (Second) of Torts, as well as the applicable case law of the Commonwealth of Pennsylvania.

60.    As a direct and proximate result of the aforementioned defects, Plaintiffs sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendant, Home Depot U.S.A., Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $165,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under

the circumstances.

## COUNT VI – BREACH OF WARRANTIES
## PLAINTIFFS v. HOME DEPOT U.S.A., INC.

61.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

62.    At the time of selling product, Home Depot U.S.A., Inc. knew or had reason to know of the particular purpose for which it would be used, and knew that its skill and judgment were being relied upon to furnish suitable products.

63.    Thus, given the foregoing, Home Depot U.S.A., Inc. breached implied warranties of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") and in 13 Pa. C.S.A. § 2-315 in that the products were not fit for the particular use for which intended, and led to a fire at the subject property.

64.    In addition, Home Depot U.S.A., Inc. breached implied warranties of merchantability as set out in the UCC and 13 Pa. C.S.A. § 2-314 (c) in that the products were not fit for the uses for which intended and led to a fire at the subject property.

65.    Home Depot U.S.A., Inc. also breached any and all express warranties made or relating to the products that became part of the basis of the bargain for sale of the products in violation of the UCC and 13 Pa. C.S.A. § 2-313.

66.    Furthermore, Home Depot U.S.A., Inc. breached the express and implied terms set out in the warranties enjoyed by the Plaintiffs at the time of coming to use the products, and/or any time subsequent thereto.

67.    Plaintiffs' above-described damages occurred as a direct and proximate result of Home Depot U.S.A., Inc.'s breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c), and as a result of its

breach of expressed warrantees in violation of 13 Pa. C.S.A. § 2-313, as well as the express and implied warranties set out in the warranties the Plaintiffs enjoyed upon coming to use the products, and/or any time subsequent thereto.

68.    As a result of the conduct described above, Plaintiffs sustained and incurred damage to their real and personal property, and the imposition of additional expenses and hardship.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, Home Depot U.S.A., Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $165,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

<u>**COUNT VII – NEGLIGENCE**</u>
<u>**PLAINTIFFS v. THE HOME DEPOT, INC.**</u>

69.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

70.    The Home Depot, Inc. owed a duty of reasonable care to Plaintiffs' in regard to the design, manufacture, assembly, testing, inspection, marketing and distribution, inter alia, of the subject exhaust fan/light, and breached said duty.

71.    The damages suffered by Plaintiffs as described above were the direct and proximate result of negligence, carelessness, and/or other unlawful conduct of The Home Depot, Inc. – itself, as well as by and through its employees, agents, technicians, suppliers and/or servants – more specifically described as follows:

   a.    failing to design, manufacture, inspect, assemble, distribute and/or market a properly functioning and defect-free fan/light and/or its component Bluetooth speaker, which after reasonable and foreseeable use

Case ID: 231102763

malfunctioned and/or catastrophically failed;

b.  failing to properly design, manufacture, inspect, assemble, distribute and/or market the fan/light including but not limited to the component Bluetooth speaker and other components free from defect;

c.  failing to properly determine that the fan/light including but not limited to the component Bluetooth speaker and other component parts were not in a safe condition and free of all material defects, which after reasonable and foreseeable use catastrophically failed and/or malfunctioned;

d.  designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light was unsafe and unfit for its intended use;

e.  designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light and/or its component Bluetooth speaker would be inadequate for the reasons for which it was purchased;

f.  designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light which had unreasonably dangerous components including but not limited to its component Bluetooth speaker and other component parts that caused the fan/light to catastrophically fail and/or malfunction;

g.  designing, manufacturing, inspecting, assembling, distributing and/or marketing a dangerously defective fan/light and/or its component Bluetooth speaker that The Home Depot, Inc. knew or reasonably should have known exposed users, such as Plaintiffs' to an unreasonable risk of harm;

h.  failing to properly and adequately design, manufacture, inspect, assemble, market, sell, distribute and/or test the fan/light and/or its component Bluetooth speaker, and other component parts, prior to introducing it into the stream of commerce;

i.  failing to provide adequate and sufficient warnings and instructions with respect to the fan/light and/or its component Bluetooth speaker, which rendered it defective and unreasonably dangerous;

j.  designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light did not contain proper safety

features and/or devices to prevent the fan/light from catching fire, rendering it hazardous and dangerous for its contemplated and intended use;

k.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light did not contain the proper components, rendering it hazardous and dangerous for its contemplated and intended use;

l.    designing, manufacturing and distributing a dangerously defective fan/light and/or its component Bluetooth speaker, including its component parts, that The Home Depot, Inc. knew or reasonably should have known exposed users, such as Plaintiffs' to an unreasonable risk of harm because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

m.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light in a defective condition because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

n.    designing and/or manufacturing the fan/light and/or its component Bluetooth speaker and other component parts in an unreasonably dangerous condition because the fan/light's safety features and/or devices failed to properly function and/or operate during reasonable and intended usage;

o.    improperly designing, manufacturing, assembling or installing component parts and safety devices in the fan/light or component Bluetooth speaker; and

p.    designing and/or manufacturing the fan/light without the proper fire inhibitors for critical items within the fan/light to reduce secondary fuel loads in the fan/light.

72.    As a direct and proximate result of this negligence, and such negligence having resulted in the damages Plaintiffs sustained, The Home Depot, Inc. became liable to Plaintiffs.

73.    As a direct and proximate result of The Home Depot, Inc.'s aforementioned actions, and/or omissions, The Home Depot, Inc. acted negligently or carelessly, and is therefore liable to the Plaintiffs for the damages suffered.

Case ID: 231102763

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendant, The Home Depot, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $165,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT VIII – STRICT LIABILITY
## PLAINTIFFS v. THE HOME DEPOT, INC.

74.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

75.    The Home Depot, Inc. was engaged in the business of designing, testing, inspecting, assembling, manufacturing and distributing exhaust fans/lights and their component parts and specifically designed, tested, inspected, assembled, manufactured, distributed and placed into the stream of commerce the subject exhaust fan/light at issue in this case.

76.    The subject exhaust fan/light, which was designed, manufactured, sold and/or distributed into the stream of commerce by The Home Depot, Inc., was not modified, changed, altered or abused by Plaintiffs or other users at said property prior to or during its use.

77.    The Home Depot, Inc. knew and intended that its exhaust fans/lights would be used by members of the general public, and knew of the specific uses, purposes and requirements for which said exhaust fans/lights would be utilized.

78.    The Home Depot, Inc. designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the aforesaid subject exhaust fan/light, including its component parts, in a dangerous and defective condition, which catastrophically failed due to a

Case ID: 231102763

defect and/or malfunction.

79.     The Home Depot, Inc. designed, tested, inspected, manufactured, sold and/or distributed into the stream of commerce the aforesaid subject exhaust fan/light in a defective condition, unreasonably dangerous to Plaintiffs' and their property.

80.     The Home Depot, Inc. knew, or should have known, that the subject exhaust fan/light would, and did, reach Plaintiffs without substantial change in the condition in which originally selected and sold.

81.     The subject exhaust fan/light was not materially altered in any way, which would affect the dangerous conditions caused and created by The Home Depot, Inc..

82.     Plaintiffs operated the subject exhaust fan/light without incident in the normal, ordinary and intended matter and purpose at all times prior to December 8, 2021.

83.     The fire and damage to Plaintiffs' property was caused by and/or resulted from the acts and/or omissions of The Home Depot, Inc., by and through its agents, servants, employees and/or representatives, acting within the course and scope of their employment and/or authority for which The Home Depot, Inc. is liable to Plaintiff based upon the theory of strict liability for the following reasons:

      a.    failing to design, manufacture, inspect, assemble, distribute and/or market a properly functioning and defect-free exhaust fan/light and/or its component Bluetooth speaker, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

      b.    failing to properly design, manufacture, inspect, assemble, distribute and/or market the fan/light, including but not limited to, its Bluetooth speaker, motor, motor windings, motor winding insulation, thermal limit switch and other component parts free from defect;

      c.    failing to properly determine that the fan/light including but not limited to its Bluetooth speaker, motor, motor windings, motor winding insulation and the thermal limit switch and other component parts were not in a safe condition and free of all material defects, which after reasonable and

Case ID: 231102763

foreseeable use catastrophically failed and/or malfunctioned;

d.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light, and its component parts were unsafe and unfit for its intended use;

e.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker when it knew or should have known that the fan/light would be inadequate for the reasons for which it was purchased;

f.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker and other component parts, which was unreasonably dangerous and caused the fan/light to catastrophically fail and/or malfunction;

g.    designing, manufacturing, inspecting, assembling, distributing and/or marketing a dangerously defective fan/light and/or its component Bluetooth speaker that The Home Depot, Inc. knew or reasonably should have known exposed users, such as Plaintiffs, to an unreasonable risk of harm;

h.    failing to properly and adequately design, manufacture, inspect, assemble, market, sell, distribute and/or test the fan/light and/or its component Bluetooth speaker and other component parts, prior to introducing it into the stream of commerce;

i.    failing to provide adequate and sufficient warnings and instructions with respect to the fan/light and/or its component Bluetooth speaker, which rendered it defective and unreasonably dangerous;

j.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light and/or its component Bluetooth speaker did not contain proper safety features and/or devices to prevent a fire from occurring rendering it hazardous and dangerous for its contemplated and intended use;

k.    designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition rendering it hazardous and dangerous for its contemplated and intended use;

l.    designing, manufacturing and distributing a dangerously defective fan/light, including its component parts, that The Home Depot, Inc. knew

Case ID: 231102763

or reasonably should have known exposed users, such as Plaintiffs to an unreasonable risk of harm because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

m.  designing, manufacturing, inspecting, assembling, distributing and/or marketing the fan/light and/or its component Bluetooth speaker in a defective condition because the subject exhaust fan/light and component Bluetooth speaker were subject to fires;

n.  the subject exhaust fan/light and/or its component Bluetooth speaker is an unreasonably dangerous product, one that is dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics;

o.  the subject exhaust fan/light and/or its component Bluetooth speaker is unreasonably dangerous because the probability of injury times the gravity of injury under the current product design is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design;

p.  designing and/or manufacturing the fan/light and/or its component Bluetooth speaker in an unreasonably dangerous manner that negatively affected the fan/light's safety features and/or devices;

q.  designing and/or manufacturing the fan/light and/or its component Bluetooth speaker in a defective condition because the fan/light's safety features and/or devices failed to properly function and/or operate during reasonable and intended usage;

r.  improperly designing, manufacturing, assembling or installing component parts and safety devices in the fan/light and/or its component Bluetooth speaker; and

s.  designing and/or manufacturing the fan/light and/or its component Bluetooth speaker without the proper fire inhibitors for critical items within the fan/light to reduce secondary fuel loads in the fan/light.

84.  The aforementioned defects or defective conditions existed at the time the subject exhaust fan/light left the possession and/or control of The Home Depot, Inc..

85.  The defective, unreasonably dangerous and unsafe condition of the subject exhaust fan/light as aforesaid was a direct and proximate cause of the damages sustained by

Case ID: 231102763

Plaintiffs.

86.    For these reasons, The Home Depot, Inc. is strictly liable to the Plaintiffs under Section 402A of the Restatement (Second) of Torts, as well as the applicable case law of the Commonwealth of Pennsylvania.

87.    As a direct and proximate result of the aforementioned defects, Plaintiffs sustained and incurred damage to their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendant, The Home Depot, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $165,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**COUNT IX – BREACH OF WARRANTIES**
**PLAINTIFFS v. THE HOME DEPOT, INC.**

88.    Plaintiffs incorporate by reference the preceding averments as though set forth at length herein.

89.    At the time of selling product, The Home Depot, Inc. knew or had reason to know of the particular purpose for which it would be used, and knew that its skill and judgment were being relied upon to furnish suitable products.

90.    Thus, given the foregoing, The Home Depot, Inc. breached implied warranties of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") and in 13 Pa. C.S.A. § 2-315 in that the products were not fit for the particular use for which intended, and led to a fire at the subject property.

91.    In addition, The Home Depot, Inc. breached implied warranties of merchantability as set out in the UCC and 13 Pa. C.S.A. § 2-314 (c) in that the products were not fit for the uses for which intended and led to a fire at the subject property.

92.    The Home Depot, Inc. also breached any and all express warranties made or relating to the products that became part of the basis of the bargain for sale of the products in violation of the UCC and 13 Pa. C.S.A. § 2-313.

93.    Furthermore, The Home Depot, Inc. breached the express and implied terms set out in the warranties enjoyed by the Plaintiffs at the time of coming to use the products, and/or any time subsequent thereto.

94.    Plaintiffs' above-described damages occurred as a direct and proximate result of The Home Depot, Inc.'s breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. § 2-315 and § 2-314 (c), and as a result of its breach of expressed warrantees in violation of 13 Pa. C.S.A. § 2-313, as well as the express and implied warranties set out in the warranties the Plaintiffs enjoyed upon coming to use the products, and/or any time subsequent thereto.

95.    As a result of the conduct described above, Plaintiffs sustained and incurred damage to their real and personal property, and the imposition of additional expenses and hardship.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendant, The Home Depot, Inc. jointly, severally, and/or in the alternative with other defendant(s) herein - for damages in an amount in excess of $165,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

de LUCA LEVINE LLC


**BY:**   /s/ James P. Carfagno
       JAMES P. CARFAGNO
       ATTORNEYS FOR PLAINTIFF(S),
       ELMER JENNINGS AND ANTHONY
       HARRIS

**Dated:** February 22, 2024

Case ID: 231102763

**VERIFICATION**

I, James P. Carfagno, state that I am the attorney for Allstate Vehicle and Property Insurance Company, the real party in interest in the above action, and that I am authorized to make this verification on Plaintiff's behalf as there is insufficient time to obtain Plaintiff's verification, and that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.  I understand that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 concerning falsification to authorities.


_____
James P. Carfagno


DATED: February 22, 2024

**de LUCA LEVINE LLC**
**BY:  JAMES P. CARFAGNO**
**PA ATTY I.D. NO.: 82960**
**301 E. GERMANTOWN PIKE, 3rd FLOOR**
**EAST NORRITON, PA 19401**
**(215) 383-0081**

**ATTORNEYS FOR PLAINTIFF(S),**
**ELMER JENNINGS AND ANTHONY**
**HARRIS**

**ELMER JENNINGS**
711 S. County Road W., Apt 1802
Odessa, TX 79763

AND

**ANTHONY HARRIS**
2841 North 28th Street
Philadelphia, PA 19132

              **Plaintiff(s),**
        **v.**

**HOMEWERKS WORLDWIDE, LLC**
55 Albrecht Drive
Lake Bluff, IL 60044

AND

**HOME DEPOT U.S.A., INC.**
2455 Paces Ferry Road
Atlanta, GA 30339

AND

**THE HOME DEPOT, INC.**
2455 Paces Ferry Road
Atlanta, GA 30339

              **Defendant(s).**

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA**

**CIVIL ACTION NO:  231102763**

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I, James P. Carfagno, hereby certify that a true and correct copy of Plaintiffs' Complaint was served on February 22, 2024, upon all counsel of record via the Court's electronic filing system.

Case ID: 231102763

de LUCA LEVINE LLC


BY: /s/ James P. Carfagno
_____
JAMES P. CARFAGNO
ATTORNEYS FOR PLAINTIFF(S),
ELMER JENNINGS AND ANTHONY
HARRIS

Case ID: 231102763